# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 09-20050-CM** |
| | ) | |
| WILLIE D. WEST, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Willie D. West's Motion for New Trial (Doc. 93). On June 8, 2010, a jury convicted defendant of three counts of distributing cocaine base, "crack"; two counts of distributing cocaine base, "crack," within 1,000 feet of a public playground; one count of distributing marijuana within 1,000 feet of a public playground; one count of possession with intent to distribute marijuana within 1,000 feet of a public playground; and one count of maintaining a residence for the purpose of distributing or possessing marijuana within 1,000 feet of a public playground. Defendant requests a new trial pursuant to Federal Rule of Criminal Procedure 33, alleging (1) error in the admission of drug-related evidence; (2) insufficient evidence to support proximity to a playground; (3) error in the admission of defendant's statements to law enforcement; and (4) insufficient evidence to support the verdicts and/or that the verdicts were against the weight of evidence. For the following reasons, the court denies the motion.

## I.    Standard for Judgment

In considering a motion for new trial, the court has broad discretion that will not be disturbed on appeal absent plain abuse of that discretion. *United States v. Troutman*, 814 F.2d 1428, 1455

(10th Cir. 1987). The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal. Federal Rule of Criminal Procedure 33 provides that a court may grant a new trial "if the interest of justice so requires." Additionally, any error which would require reversal on appeal is a sufficient basis for granting a new trial. *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (quotation and citation omitted). The court may weigh the evidence and assess witness credibility. *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999) (citation omitted). The court should grant a motion for a new trial if, "after weighing the evidence and the credibility of the witnesses, the court determines that 'the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred.'" *United States v. Gabaldon*, 91 F.3d 91, 93–94 (10th Cir. 1996) (quoting *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994)). But courts disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969), and exercise great caution in granting them, *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997). The burden of proving that a new trial is warranted rests on the defendant. *Walters*, 89 F. Supp. 2d at 1213 (citations omitted).

## II.   Discussion

### Chain of Custody

Defendant argues that he is entitled to a new trial because there was an insufficient chain of custody established to support the admission of drug-related evidence, specifically the crack cocaine and marijuana exhibits obtained during the controlled buys. Defendant objected to the admission of this evidence on this ground at trial and the court overruled his objection, concluding that any gaps in the chain of custody went to the weight of the evidence, rather than its admissibility.

In order for a chain of custody to be adequate, it need not be perfect. *United States v.*

*Johnson*, 977 F.2d 1360, 1367 (10th Cir. 1992). Where the chain of custody is imperfect, "deficiencies . . . go to the weight of the evidence, not its admissibility; once admitted, the jury evaluates the defects and, based on its evaluation, may accept or disregard the evidence." *United States v. Cardenas*, 864 F.2d 1528, 1531 (10th Cir. 1989). Consequently, it was for the jury to weigh whether the witnesses' testimony established a sufficient foundation for the evidence.

At trial, Lawrence, Kansas police officers testified that they thoroughly searched the Confidential Informant ("C.I.") before the buys, conducted both visual and audio surveillance of the transaction, seized the drugs immediately after each buy, produced a recording of a phone call between the C.I. and the defendant setting up the buy, and produced an audiotape of the buy from the C.I. According to the testimony, the drugs seized were bagged, sealed, and marked with the officers' unique marks. The testifying officers identified the exhibits as the same. Forensic scientists with the Kansas Bureau of Investigation ("KBI") testified as to the procedures employed when samples came to the lab for testing, including how they were numbered, sealed, marked, weighed, and tested. The court finds that the government established a sufficient chain of custody for the admitted items. Any doubts regarding the exhibits' foundation go to the weight the jury gave the evidence and not its admissibility. *Id.* The testimony was sufficient to establish that the evidence was "what its proponent claim[ed]." *Id.*

**Public Playground**

Next, defendant argues that the government failed to establish that the acts occurred within 1,000 feet of a public playground as that term is defined in Title 21, United States Code, Section 860. At trial, the defendant asserted—and argued to the jury—that the testimony and evidence presented concerning Holcom Park failed to establish the "three or more apparatus" requirement of 21 U.S.C. § 860(e)(1).

At trial, Officer Adam Heffley testified that defendant's apartment was within 1,000 feet of Holcom Park. The government introduced an aerial map, prepared by Officer Heffley, to establish the required proximity between the playground and defendant's apartment. Officer Heffley also described the amenities of Holcom Park, which included tennis courts, volleyball courts, basketball courts, and four baseball diamonds. Officer Heffley testified that Holcom Park contains a swing set, as well as two massive, multi-functional, jungle gym apparatus—joined by arched monkey bars—with several attached sliding boards. Photographs of the park's amenities were admitted in evidence. During trial, defendant argued the jungle gym equipment constituted only one apparatus, and thus the "three or more" requirement was not satisfied. The government argued the apparatus was actually two, separate pieces of equipment, designed for the recreation of multiple children. Even if the jury found the equipment constituted one apparatus, the government argued the basketball courts, baseball diamonds, volleyball courts, and Holcolm's other amenities are each "apparatus intended for the recreation of children." 21 U.S.C. § 860(e)(1).

Congress has defined "playground" as: "any outdoor facility (including any parking lot appurtenant thereto) intended for recreation, open to the public, and with any portion thereof containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swingsets, and teeterboards." 21 U.S.C. § 860(e)(1).

The court finds that the evidence presented by the government relating to the park was sufficient to satisfy the statutory definition of "playground," and to support the jury's verdicts. *Cf. United States v. Smith*, 13 F.3d 380, 382–83 (10th Cir. 1993) (reversing conviction for insufficient evidence to prove that park was a "playground" where there was no evidence in record that playground apparatus existed in park); *see also United States v. Migi*, 329 F.3d 1085, 1809 (9th Cir. 2003) (affirming denial of defendant's motion to acquit, finding that basketball courts, softball

fields, and skating rinks were each apparatus intended for the recreation of children).

### Defendant's Statements

Defendant argues that the court erred in admitting defendant's statements to law enforcement because they were unknowing and involuntary. When defendant raised this argument for the first time at trial, the court took a recess to conduct an evidentiary hearing. *See Jackson v. Denno*, 378 U.S. 368 (1964). During that hearing, Officer Justin Rhoades testified concerning the events of January 18, 2008.

During execution of the search warrant that morning, defendant was placed in handcuffs while officers secured his apartment and conducted their search. During this time, defendant offered an unsolicited statement to officers concerning where they could find "the weed." Although defendant was not under arrest at that time, the court found that, even if defendant was considered to be in custody, his statements were unsolicited and voluntary.

Defendant then voluntarily agreed to accompany officers to the police department for questioning. He was advised that he was not under arrest, he was advised of rights, he acknowledged that he understood his rights, he waived his rights orally, and he made statements. The interviewing officers were dressed in plainclothes, they brandished no weapons, made no threats, and engaged in no heated arguments with defendant. Defendant responded appropriately to the officers' questions: he discussed the presence of crack cocaine in his apartment; the quantity of marijuana in his apartment and his relationship to it; and he made other various statements. Defendant made no indication that he wanted an attorney. There was no reason for defendant to believe he could not leave the room; defendant knew he was not under arrest. Eventually defendant stopped the conversation, at which point officers drove defendant to his mother's house. He was not arrested. The interview lasted just over half of an hour.

Even if the interview at the police station was custodial, the statements made by defendant during this interview—considering his personal characteristics and the details of the interrogation—were made voluntarily.  *See*, *e.g.*, *United States v. Toles*, 297 F.3d 959, 965–66 (10th Cir. 2002) (setting out the standard and the factors the court must consider in determining voluntariness); *United States v. Lugo*, 170 F.3d 996, 1004 (10th Cir. 1999) (noting that no single factor is determinative).  As set out on the record, the court found that defendant was aware of and voluntarily waived his rights.  The statements were properly admitted.

**Sufficiency of the Evidence**

Defendant's final argument in support of his request for a new trial is that the evidence presented at trial was insufficient to support the jury's verdicts.  He specifically argues—as he did at trial—that the government's case hinged on the testimony of an unreliable witness, the C.I., whose bias and motive seriously impeached his credibility.

The evidence is sufficient to support a conviction if, viewed in the light most favorable to the government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt.  *United States v. Tranakos*, 911 F.2d 1422, 1430 (10th Cir. 1990) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

First, the court finds that the jury had the opportunity to observe the witness, to evaluate his testimony, and to determine his credibility.  The jury was also made aware of the C.I.'s possible motivations for testifying, or the prejudices he may have held against defendant.  The testimony of one witness, alone, is enough to support a conviction so long as the testimony, if believed, would be sufficient to prove defendant's guilt beyond a reasonable doubt.  *See Jones v. McKune*, No. 09-3171-WEB, 2010 WL 1816410, at *11 (D. Kan. May 6, 2010) (citations omitted); *see also Brown v. Davis*, 752 F.2d 1142, 1144–45 (6th Cir. 1985) (citations omitted).

Moreover, defendant's argument ignores the substantial credible evidence presented by the government that corroborated the C.I.'s testimony and supported the verdicts. Indeed, the C.I.'s testimony was corroborated by audio tapes of pre-buy conversations; captured body-wire transmissions; officers' testimony concerning the procedures implemented prior to, during, and after each controlled buy; officers' identification of defendant during two of the buys; video and police surveillance; defendant's own statements; and other evidence corroborating the CI's statements, supplied by officers' testimony, South Pointe Apartment Complex records, and an Enterprise Rental Car agreement. Overall, the court found the C.I.'s testimony to be credible. He may have had motive to testify falsely against defendant. But motive does not equate to perjury. Here, other testimony and admitted exhibits substantially corroborated the C.I.'s testimony. The court finds that, based on the evidence presented through the testimony of the C.I., and other corroborating evidence, a rational fact-finder could have found the elements of the crime beyond a reasonable doubt. The verdicts were not contrary to the weight of the evidence.

**IT IS THEREFORE ORDERED** that defendant's Motion for a New Trial (Doc. 93) is denied.

Dated this 22nd day of July 2010, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**